CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. 7:04CR00021 |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| WILLIAM THOMAS WARREN, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

On May 24, 2005, the defendant in this case entered a plea of guilty to four criminal counts of a superceding indictment alleging mail fraud, securities fraud, and embezzlement of commodities pool funds. Following acceptance of the guilty pleas, the court referred this case to United States Magistrate Judge Michael F. Urbanski for a Report and Recommendation regarding individual victim losses and a proposed victim restitution formula. Judge Urbanski submitted a preliminary Report and Recommendation on September 23, 2005. All of the victims and other interested parties were given the opportunity to note objections to the findings and conclusions in the preliminary report. Judge Urbanski then issued a final Amended Report and Recommendation on October 13, 2005, in which he offered a more detailed summary as to the crime victims and their respective losses. Once again, all interested parties were given the opportunity to note objections or corrections.

To date, only two victims have filed comments regarding Judge Urbanski's second report. Michael and Janna Allison argue that the report omits a loss suffered as a result of contributions to two IRA accounts. The Magistrate Judge found that the Allisons had not filed a claim for restitution as of October 13, 2005. The Allisons have submitted a statement regarding what they believe to have been a loss of funds contributed to their IRA accounts. However, the court finds that the Allisons have not filed a formal Declaration of Loss or a formal claim in a manner as prescribed by the court, and that

the date for such a filing has long since expired. To the extent that the Allisons' submission can be determined to be an objection to Judge Urbanski's report, the objection shall be and hereby is overruled.

Steve and Jami Glass owned a joint account with the defendant, and Steve Glass owned an IRA account as well. The Magistrate Judge found that the Glasses had sustained losses in these accounts, attributable to defendant's conduct. While the Magistrate Judge noted in his report that Jami Glass claimed ownership of a separate, individual IRA account, the Magistrate Judge found that no claim had been filed as to that account. Jami Glass has filed an objection to that finding and included documents reflecting two rollovers into her own IRA account, including an institutional statement describing a rollover of $8,244.00, and her own statement indicating a second rollover of an additional $9,000.00. However, the difficulty is that Jami Glass submitted no timely Declaration of Loss or independent claim as to her own IRA funds. If these contributions were included in the Glasses' original claim which was considered by the Magistrate Judge, these sums are necessarily included in the amount to which the Magistrate Judge found that the Glasses are now entitled by way of restitution. If these funds were not included, it is clear that no timely claim was filed for the second IRA account.[1] In any event, the court finds that Jami Glass may not now be credited for this additional sum. To the extent that Jami Glass' submission can be determined to be an objection to Judge Urbanski's report, the objection shall be and hereby is overruled.

The Clerk is directed to send certified copies of this Order to all counsel of record, Michael and Janna Allison, and Jami Glass.

ENTER: This 24th day of October, 2005.

_____
United States District Judge

---

[1] Having reviewed all the documents, the court believes that it is more likely that the contributions from Jami Glass were included in the original claim.